IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-09-CV-1754-O <br> NO. 3-08-CR-0055-O |
| ESTEBAN JIMENEZ-GARCIA | § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Esteban Jimenez-Garcia, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a) & (b)(2). Punishment was assessed at 57 months confinement, followed by a three-year term of supervised release. His sentence was affirmed on direct appeal. *United States v. Jimenez-Garcia*, 327 Fed.Appx. 515, 2009 WL 1744487 (5th Cir. Jun. 22, 2009). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.[1]

II.

In two related grounds, defendant contends that: (1) he was improperly sentenced above the guideline range; and (2) his attorney was ineffective for failing to raise this issue on direct appeal. Both claims are without merit.

---

[1] Defendant originally filed a motion to reconsider his sentence, which the court characterized as a section 2255 motion. (*See* Doc. #2). In accordance with *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), the court warned defendant of the consequences of this recharacterization, including the restrictions on filing successive section 2255 motions, and provided defendant with an opportunity to withdraw or amend his motion so that it contains all claims pertaining to his conviction and sentence. Defendant filed the instant motion on October 9, 2009.

The court initially observes that the 57-month sentence imposed by the district court was at the *bottom end* of the guideline range. Under U.S.S.G. § 2L1.2, the base offense level for unlawful reentry is 8. *See* U.S.S.G. § 2L1.2(a). Defendant received a 16-level enhancement because he was convicted in Virginia of attempted unlawful wounding, a felony the district court determined was a "crime of violence," after defendant previously was removed from the United States. *See id.* § 2L1.2(1)(A)(ii). A three-level reduction for acceptance of responsibility resulted in a total offense level of 21. The advisory guideline range at that level for a defendant in Criminal History Category IV is 57-71 months imprisonment. *See id.*, Table.[2]

Liberally construed, it appears that defendant's real argument is that his 16-level enhancement resulted in a sentence above the guideline range for the offense of unlawful reentry. Had the court not increased the base offense level, the range of punishment under the sentencing guidelines would have been 10-16 months imprisonment, even if the court did not allow a three-level reduction for acceptance of responsibility. *See id.* Contrary to defendant's argument, this claim was raised by his attorney on direct appeal. In affirming defendant's sentence, the Fifth Circuit noted:

> Not every sentencing error requires reversal. When the district court imposes a non-guideline sentence that did not "directly 'result'" from an error in calculating the advisory guideline range, a sentence need not be vacated.
>
> * * * *
>
> Here, the district court considered the presentence investigation report, Jimenez' objections to it, and the parties' claims at sentencing, and in presentencing briefs, regarding the applicable guideline ranges. The district court explained that, even if the application of the 16-level increase was incorrect, it would have imposed the same sentence "in any event after considering all of the factors contained in Section

---

[2] In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that the sentencing guidelines are advisory only and that appellate review of sentencing decisions is limited to determining whether the sentence is "reasonable."

> 3553(a)." The record reflects that the district court determined Jimenez' sentence after having considered the § 3553(a) factors and the facts attendant to Jimenez' sentencing proceeding, including his criminal history, the need to deter Jimenez from future criminal activity, and the need to protect the public.

*Jimenez-Garcia*, 2009 WL 1744487 at *1 (internal citations omitted). Although defendant still believes that his sentence is illegal, he cannot relitigate this issue in a section 2255 motion. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 106 S.Ct. 1977 (1986) (claims raised on direct appeal may not be relitigated on collateral review).

## **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE